**AMERICAN HOME PRODUCTS CORPORATION,**

v.

**JOHNSON & JOHNSON and McNeilab, Inc.**

Civ. A. No. 87–4097.

United States District Court, E.D. Pennsylvania.

Aug. 31, 1987.

Edward F. Mannino, Baskin Flaherty Elliott & Mannino, Philadelphia, Pa., for plaintiff.

Patterson, Belknap, Webb & Tyler, New York City, for defendants.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiff American Home Products Corp. ("AHP"), which markets an over-the-counter ("OTC") analgesic ibuprofen sold under the tradename Advil, filed this action arising out of certain national advertising against defendants Johnson & Johnson ("J & J") and its wholly-owned subsidiary McNeilab, Inc. ("McNeil"), which market the advertised product, an OTC analgesic acetaminophen sold under the tradename Tylenol. In its first amended complaint, AHP asserts claims under § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a), and the common law of unfair competition; AHP seeks a preliminary injunction to stop allegedly unlawful advertising and expedited discovery. J & J and McNeil filed a motion to dismiss, or in the alternative, transfer venue to the United States District Court for the Southern District of New York. At a preliminary hearing, the court decided the motion for expedited discovery but with the consent of the parties, deferred hearing evidence on the motion for preliminary injunction until it had ruled on the defendants' motion to transfer to the Southern District of New York under 28 U.S.C. § 1404(a); said motion is now granted for the reasons stated hereafter.

Five prior lawsuits concerning advertising for customers in the OTC painkiller market have been called to the attention of this court. Two of those suits are still pending: 1) *American Home Products Corp. v. Johnson & Johnson,* 654 F.Supp. 568 (S.D.N.Y.1987) (WCC) (determining in "phase I" that some of defendants' advertisements violated the Lanham Act and issuing a permanent injunction), trial of a counterclaim ("phase II") and determination of damages against J & J, McNeil and others for violating § 43(a) of the Lanham Act ("phase III"); and 2) *McNeilab, Inc. v. American Home Products Corp.,* Civil Action No. 87–CIV–3712 (S.D.N.Y.) (WCC), complaining of AHP's national advertising and alleged Lanham Act violations (assigned to Judge Conner in the Southern District of New York as related). A hearing on a motion for preliminary injunction in *McNeilab* was held by Judge Conner on July 27, 1987.

In the instant case, AHP alleges that five advertisements for Tylenol contain false and misleading claims of superior efficacy over Advil; two of the five advertisements are currently appearing in national print and broadcast media. Advertisement "C" (Exhibit C to the first amended complaint), currently appearing in print media, states in part, "Which pain reliever has unbeatable strength for headaches? ... Nothing is more effective for headaches than Extra-Strength TYLENOL." Advertisement "D" (Exhibit D to the first amended complaint), appearing on broadcast media, states in part: "Extra-Strength Tylenol is unbeatable for headache relief. Nothing is more effective."

Three of the advertisements ("A," "B" and "E") have been voluntarily discontinued by the defendants after receiving complaints from AHP. Advertisement "A" (Exhibit A to the first amended complaint), also a broadcast commercial, was a prior version of the current advertisement "D"; Advertisement "A" stated in part: "... not even twice the initial recommended dose of ibuprofen is more effective than Extra-Strength Tylenol." Advertisement "B" (Exhibit B to the first amended complaint), a print advertisement, was an earlier version of advertisement "C"; the difference between advertisements "B" and "C" is that in "B," the question was, "Which pain reliever is strongest?" The response in

advertisement "B" is identical to that of Advertisement "C".

Advertisement "E" (Exhibit E to the first amended complaint), was a "detail piece," a four-page brochure distributed by sales representatives to health care professionals to inform them about Extra-Strength Tylenol. In addition to objections to the brochure's layout and design, AHP objected to language in the brochure that read, "No OTC analgesic is more effective for headache pain than Extra-Strength TYLENOL."

In *American Home Products Corp. v. Johnson & Johnson,* 654 F.Supp. 568, 575 (S.D.N.Y.1987), AHP challenged a number of Tylenol advertising claims not involved in this case; it claimed that the phrase "Extra-Strength Tylenol. You can't buy a more potent pain reliever without a prescription" stated false and misleading claims of superior efficacy. McNeil admitted that Extra-Strength Tylenol was not a *more* effective pain reliever than OTC ibuprofen, including Advil, but argued that Tylenol was *as* effective as ibuprofen. Therefore, McNeil argued that the commercials in question were not false or misleading. *Id.* Judge Conner, after a four week trial, found that J & J's and McNeil's claim of superior efficacy was false and that J & J and McNeil had violated § 43(a) of the Lanham Act:

"the Court finds that in the treatment of mild to moderate pain such as headache, there is no significant difference in effectiveness between Extra-Strength Tylenol (1000 mg.) and Advil (400 mg). In the treatment of severe pain, Advil is substantially more effective, as it is in relieving inflammation.

Thus, McNeil's claim that 'You can't buy a more potent pain reliever without a prescription' is simply not true. Most laymen, knowing the foregoing facts, would surely regard Advil as 'more potent.'

It would be accurate to state instead that, *'for mild to moderate pain,* you can't buy a more *effective* pain reliever without a prescription.' For this level of pain, Advil's added potency affords no increased relief to justify the increased hazard of certain types of side effects.... Therefore, unless 1000 mg. of Tylenol is as potent as 400 mg. of Advil (which it is *not* against severe pain), McNeil's claim that "you can't buy a more potent pain reliever without a prescription" is inaccurate, ..."

*Id.* at 585 (emphasis in original). Judge Conner permanently enjoined the defendants in *American Home Products Corp.,* 654 F.Supp. 568, in pertinent part as follows:

"5. Defendants are also enjoined from representing, implying, or creating the impression that acetaminophen (1000 mg) is as effective as ibuprofen (400 mg) for severe pain. *This injunction does not bar defendants from advertising unsurpassed or equal effectiveness of Extra-Strength Tylenol for mild to moderate pain or headache."*

(Emphasis added).

■ Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it might have been brought, for the convenience of parties and witnesses and in the interest of justice.

■ Although AHP's choice of forum is entitled to deference, plaintiff's decision to file this suit in this district must be weighed with other considerations under § 1404(a). AHP is a Delaware corporation with its principal place of business in the Southern District of New York. J & J is a New Jersey corporation with its principal place of business in New Jersey; McNeil is a Pennsylvania corporation with its principal place of business in the Eastern District of Pennsylvania. All three parties do business in the Southern District of New York; because of the size and financial resources of the parties, it will be no less convenient to try this case in the Southern District of New York. Also, most of the witnesses who might be called at trial, including defendants' advertising agency employees and expert witnesses, are located in the New York City area.

By far the overriding consideration in this case is the interest of the administration of justice, which compels transfer to

the Southern District of New York. Judge Conner, after hearing four weeks of evidence and reviewing thousands of pages of documents, determined under what circumstances Extra-Strength Tylenol's claims of superior efficacy violated the Lanham Act. In his opinion and permanent injunction, Judge Conner suggested that defendants' using the word "effective" rather than "potent" and limiting advertising claims of effectiveness to "mild to moderate pain" and "headache" might not violate the Lanham Act or might not be in violation of the permanent injunction. Even a cursory review of the five advertisements involved in this case shows that all five use the words "effective" and "headache" and compare the effectiveness of Extra-Strength Tylenol with ibuprofen. Judge Conner, not this court, should interpret his prior orders and determine whether the conduct in suit is violative of the court's injunctive order.

This case involves the same parties and issues regarding whether certain advertisements are false or misleading as do the cases pending in the Southern District of New York. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960).

There might be no less wastefulness of judicial resources if, when this court transfers the case to the Southern District of New York, it is assigned to a judge other than Judge Conner. But assignment is a matter for that court. This judge takes judicial notice of Rule 15 of the Rules for the Division of Business Among District Judges of the Southern District of New York,[1] which would permit if not require this case to be assigned to Judge Conner as related. But in any event it is not in the interests of the administration of justice for this court to decide if the five advertisements involved in this case violate the permanent injunction issued by Judge Conner or to decide if the advertisements state false or misleading claims of superior efficacy where Judge Conner has so recently reviewed the parties' scientific evidence, heard weeks of testimony, and issued a permanent injunction, the wording of which effects the issues in this case. The evidence in this case may also effect damage issues remaining to be tried in the Southern District of New York. Judicial comity and conservation of judicial resources support a decision to transfer.

This case could have been brought in the Southern District of New York because that court would have jurisdiction over the subject matter under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338, jurisdiction over the parties, and proper venue under 28 U.S.C. § 1391.

Because this case could have been brought in the Southern District of New York and it is in the interest of justice and the convenience of the parties and witnesses, the court grants defendants' motion to transfer under 28 U.S.C. § 1404(a).[2]

An appropriate Order follows.

1. **Rule 15. Transfer of related cases**
   If it appears from the information and designation sheet or otherwise that a civil action or proceeding is related to a previously filed civil case still pending in this court, the newer case (high docket number) shall be assigned to the same judge to whom the older case (low docket number) was assigned, and another case in the same category shall be assigned, by lot, to the transferor judge or judges.
   Cases are related if they present common questions of law and fact, or arise from the same source or substantially similar transactions, happenings, events or relationships, or if for any other reason they would entail substantial duplication of labor if assigned to different judges.
   If judges differ as to whether actions are related, the issue shall be decided by the assignment committee.

2. Defendants state in their motion to dismiss that AHP's claims are barred by *res judicata* and that the appropriate way to proceed is to file

suit to enforce the permanent injunction, not a separate complaint. Because this case will be transferred, the court expresses no view on the motion to dismiss.